**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 23-7049**

─────────

CLARENCE W. ALSTON,

        Plaintiff - Appellant,

    v.

OFFICER J. SMITH, Correctional Officer,

        Defendant - Appellee.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:21-cv-01112-CMH-WEF)

─────────

Submitted:  May 30, 2024               Decided:  September 5, 2024

─────────

Before GREGORY, RICHARDSON, and BENJAMIN, Circuit Judges.

─────────

Remanded by unpublished per curiam opinion.  Judge Richardson wrote a dissenting opinion.

─────────

Clarence Wendell Alston, Appellant Pro Se.  Gregory S. Bean, GORDON REES SCULLY MANSUKHANI, LLP, Williamsburg, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Clarence W. Alston seeks to appeal the district court's order granting summary judgment to the Defendant and dismissing his 42 U.S.C. § 1983 complaint. In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered judgment on August 31, 2023. Alston filed the notice of appeal on October 11, 2023. Because Alston is incarcerated, the notice is considered filed as of the date it was properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack,* 487 U.S. 266, 276 (1988). However, the record does not clearly establish when Alston gave the notice of appeal to prison officials for mailing. Accordingly, we remand the case for the limited purpose of allowing the district court to ascertain from prison mail logs the date on which Alston gave his notice of appeal to prison officials for mailing. The record, as supplemented, will then be returned to this court for further consideration.

*REMANDED*

2

RICHARDSON, Circuit Judge, dissenting:

Under Federal Rule of Appellate Procedure 4(c), an appeal by an inmate confined in an institution is timely if the inmate "files [the] notice of appeal . . . in the institution's internal mail system" before the filing deadline *and* provides either "a declaration . . . setting out the date of deposit" or "evidence (such as a postmark or date stamp) showing that the notice was so deposited." Fed. R. App. P. 4(c)(1)–(1)(B). Here, Clarence Alston provided neither a declaration "setting out the date of deposit" nor other "evidence" proving that he timely submitted his notice. Instead, all he provided was the date on the notice itself—which is evidence only of when his notice was written, not when it was submitted to the prison mail system—and an out-of-time date stamp. Since Alston has thus failed to comply with the terms of Rule 4(c)(1), we lack jurisdiction, and I would accordingly dismiss the appeal.